and begin with argument in Reyes v. Fisher. Thank you. May it please the court, Eric Del Pozo for the defendant's appellants. Controlling precedent of this court, and that is the recent decision in Hassell v. Fisher, requires reversal of the district court's determination of due process liability, or at a minimum, revisiting that determination for all but one week of the 14-month period of liability at issue. The district court found a due process violation for the period spanning October 2007 through December 2008. We concede liability for the last week of that period from the November 27, 2008, maximum expiration date of Ms. Reyes' sentence through the December 5, 2008, resentencing to PRS. Mr. Del Pozo, just one, is the damages portion of the trial or of the proceeding still open and after we'll be going back to the district court for that? It is, Judge Hall, and that may factor into this court's decision about what to do for the remaining period, the period of supervision within Ms. Reyes' pronounced eight-year determinate sentence. We know from Hassell that for Ms. Reyes to show a violation for that period and to recover damages, she would need to show that the conditions of PRS to which she was subject were more onerous than those that would have been imposed under conditional release. Our position is that she could never make such a showing, the conditions. The two forms of supervision are procedurally identical. The court could make that determination on de novo review. We would also be open to visiting that issue on remand and further proceedings because damages will have to be litigated anyway. Counsel, in your original papers, you argued that Ms. Reyes was subject to conditional release rather than PRS for the great bulk of the time. In your reply brief in response to Hassell, you appear to concede that no, she really was on PRS for that period of time, but it didn't make a difference because it was the same as conditional release. What is it? The latter is correct, Judge Codall. We argued in our opening brief essentially what this court held in Hassell, that Ms. Reyes should have been subject to conditional release for that period. That was the last seventh of her determinant term. By operation of New York law, a term of post-release supervision interrupts the running of the determinant term. So whereas Ms. Reyes was subject to PRS nominally by the Division of Parole at that time, in actuality her sentence was never anything other than the eight-year sentence, including the last seventh being conditional release. But she was on PRS, yes? Nominally, that is correct, Judge Codall, unless this court has other questions. And am I right in understanding that you say that PRS was basically the same as conditional release and that they're interchangeable? That's right, Judge Kearney. For me, the only difference is that PRS is a sanction atop a determinant prison term, whereas conditional release is a form of supervision within that term, whether for a determinant sentence or an indeterminate sentence. I understood that, and I may have this flipped, but one of them allows for a significant personalization, as happened to Ms. Reyes here, in which she was ordered not to associate with certain individuals, whereas the other has a set of standard conditions that are much less personalizable. And obviously the difference can subject someone subject to them to liability for a behavior that the other wouldn't. Why isn't that significant here? The special conditions you're talking about can be imposed in either post-release supervision or conditional release. These were special conditions apart from the general and standard conditions in 9 NYCRR 8003.2. There were some, I believe they're at 347 of the record, where Ms. Reyes was barred from contacting her victim. She had to abide by a curfew. Those special conditions are accounted for in the regulation, and they can be imposed for either conditional release or PRS. Did you present any evidence to the district court demonstrating what conditions she would have been subject to had she been on conditional release? Nobody did, Judge Kearney, and for that reason we would not be averse to opening the proceeding on remand and litigating that question in addition to damages. Aren't those issues all part of damages anyway? They can be viewed in terms of liability or damages. This court and Hassell viewed it in terms of liability, but they can as well be viewed in terms of damages. And this case is in a different procedural posture than Hassell, right? It is. Could you address those differences here? Because this is an appeal from denial of qualified immunity, whereas Hassell had gone to the end. That's right. Hassell was an appeal from a final judgment, so the fact that this is an affirmative appeal from a denial of qualified immunity means a couple of things. One, only legal questions are before this court. And two, there are further proceedings to be had after this appeal. But the bottom line is to show that there was no material issue of fact that was subject to dispute, right? That's right, Judge Kearney. Because I have the sense in reading your papers that you argue that Ms. Reyes can't prove an injury during this period, but of course all she has to show is that there is a material dispute about that. That's correct, Judge Kearney. Unless the court has further questions, I will come back on rebuttal. Thank you. Excuse me. Thank you, Mr. Del Pozo. You've reserved two minutes. Mr. Hooper. May it please the court, Thomas Ross Hooper from Seward and Kissel, on behalf of appellee Sheila Rivera. Excuse me. The microphone's not on. You can raise the podium, you know, if you wish. Or not. It's as high as it goes. Apologies. All right. So, from appellee's perspective, the issue that is before the court now is a very narrow one. The district court below was deciding only issues of liability, whether the imposition and enforcement of administrative post-release supervision was a due process violation, and then whether defendants here had qualified immunity for that violation. In the proceedings below, there was no discovery on the issue of damages per the request of defendants, so that we could address this liability issue given the uncertainty in the various cases in the circuit. And on the motions for summary judgment, those motions themselves were similarly limited to the liability issue. We acknowledge Hassell has set forth a theory of damages under the Second Circuit law for post-release supervision, but it doesn't change the fact that plaintiff was subject to administrative post-release supervision from the time of her release on October 5, 2007, through the maximum expiration date of her determinant sentence, November 27, 2008. The remaining period where defendants have conceded liability, there will be discovery on damages below. I think the issue right now is should plaintiff be permitted discovery on damages for that earlier period, and we suggest that the answer is yes. That defendants haven't shown that plaintiffs were not subjected to a constitutional violation during that earlier time. It will be on the burden of plaintiff to prove her damages, and we acknowledge that. But that's not the issue now, and defendants haven't shown that they are entitled to summary judgment dismissing that time period. We submit that the order of the court here should be affirmed, that the district court was only focused on that liability issue, and in light of the Second Circuit law making clear what the due process violation is and defendants' concession on appeal, that that order should be affirmed. Do you expect that there will be potential damages related to the differences between conditional release and post-release supervision? I do, Your Honor. I think in our initial pleadings down below and in the initial discovery, which is as far as this case has gone, that is the theory of damages. But, again, it's going to be plaintiff. What could you speculate? What nature of thing? Without providing evidence on the record, I think there may be specific conditions applied here in a way that may not have been applicable. Appellant is correct. Had there simply been a conditional release for that time period, although we acknowledge that many of these conditions are authorized by the statute cited by appellants here, the time period is different. That can have an effect on someone released from custody. Rather than having a legal sentence been imposed on plaintiff, she would have been subjected to conditional release through November 27, 2008. Instead, she was released on October 5, 2007 and subjected to a five-year term of supervision. The change in the time period may have had an effect on plaintiff in terms of her ability to function in the community, in terms of employment prospects, in terms of reporting obligations. We do think that we should have the opportunity to make that case. This is, again, speculation because this hasn't been briefed. This is a fairly extraordinary case, not necessarily for plaintiffs specifically, but this is an instance where defendants have subjected thousands of inmates to unconstitutional post-release supervision. I think that may also factor into the question of damages as well. Unless there are no further questions, I'll step down. Thank you. Thank you, Mr. Hooper. Mr. Del Pozo. Thank you. I'll be exceedingly brief. Our position is that no showing could be made under these circumstances that the conditions imposed on Ms. Reyes were any more onerous in practice than those of conditional release. We understand, though, given the procedural posture of this case and the fact that there will be further proceedings on remand, that this Court may not want to wade into that issue, and we'd be content with an affirmance solely on the legal theory set forth in Hassell. I'm not sure I understand your position now. You say that the issue of damages remains open, and the only issue that was decided was a question of liability and qualified immunity as it applies to liability. If we say, well, we reverse, what we're saying is the district court was wrong in rejecting qualified immunity on the subject of liability. Well, if there's qualified immunity, how can there be damages? There would be no qualified immunity, at least for the week from November 27, 2008, the unlawful PRS week. You're not contesting that. It goes back with respect to that week. But with respect to the large period of time, I thought in response to other questions you said, well, the issue of damages remains open. How can the issue of damages remain open if the defendants are entitled to qualified immunity for that period? Sure. So the phrasing that Hassell used and the way that this Court approached the issue in Hassell for the period of conditional release was to view it in terms of due process liability, that the plaintiff hadn't made a showing that her conditions. I concede it's not conditional release. I thought in response to my question earlier, you concede now, unlike your original brief, that it really was a period of PRS, right? That's right, Judge Kotal. So that period of PRS, your position is? We'll call it the within-sentence period of PRS. Okay. That plaintiff has to make a showing, it's plaintiff's burden, that the conditions that were imposed were more onerous substantially and meaningfully than the conditions of conditional release. Doesn't there need to be some discovery around that and some presentation and perhaps some fact-finding? That very well could be appropriate. So if there are, in my simplistic view, facts of dispute on an issue of qualified immunity and substance were without jurisdiction to hear that issue? That particular issue, that would be right on that view, Judge Hall. Nothing further. Thank you. Thank you very much. Thank you both. We'll reserve decision and get you a decision in due course.